**Shi Hua YU, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 02–4522.

United States Court of Appeals,
Second Circuit.

April 25, 2005.

Cyril Murray, Joshi & Associates, PC
(Sunit K. Joshi, on the brief), New York,
NY, for Petitioner.

Christopher V. Taffe, Assistant United
States Attorney (Michael A. Battle, United
States Attorney for the Western District
of New York, on the brief), Rochester, NY,
for Respondent.

Present: WALKER, Chief Judge,
LEVAL, Circuit Judges, and LYNCH,
District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED** that the order of
the Board of Immigration Appeals is **AF-
FIRMED.**

Petitioner Shi Hua Yu seeks review of
an August 30, 2002, order of the Board of
Immigration Appeals ("BIA") affirming,
without opinion, the July 28, 1998, decision
by an Immigration Judge ("IJ") denying
Yu's application for asylum and withhold-
ing of removal. In his petition, Yu argues
that the IJ erred in (1) finding incredible
Yu's claim that he feared forced steriliza-
tion if he were returned to China, and (2)
finding that Yu produced insufficient docu-
mentation regarding his family circum-

stances and alleged attempts to sterilize his wife.

Where the BIA has affirmed the IJ's decision without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir. 2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under the substantial-evidence standard. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). We will reverse only if any reasonable fact-finder would have been compelled to find that Yu demonstrated the past persecution or fear of future persecution necessary to sustain his burden. *See id.* We accord "particular deference" to the IJ's credibility determinations. *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

The IJ found that Yu provided insufficient documentation about his family circumstances and about government attempts to forcibly sterilize his wife. The IJ also noted inconsistencies in Yu's testimony regarding his work history and events surrounding the birth of his third child. Further, the IJ found Yu's claim that Chinese authorities sought to sterilize him or his wife inconsistent with Yu's testimony that he lived unmolested in his native village for roughly a year after the authorities allegedly first sought to sterilize Yu or his wife. Finally, the IJ found Yu's fear that he would suffer forced sterilization if he were returned to China implausible in light of the facts that (1) Yu lived in China for several years after the birth of his third child without having been sterilized, (2) Yu's wife has not been sterilized, and (3) Yu and his wife are both over fifty years old.

In light of the record as a whole and the deference we grant to the IJ's credibility determinations, we cannot say that any reasonable fact-finder would have been compelled to find that Yu had sufficiently established past persecution or fear of future persecution to warrant asylum or the withholding of removal. Having carefully considered all of Yu's arguments and found them to be meritless, we deny his petition.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.